Argued November 27, dismissed as moot December 24, 1973

## LIPTON, *Petitioner, v.* JURAS, *Respondent.*

517 P2d 337

*Robert L. Ackerman,* Springfield, argued the cause for petitioner. With him on the brief were Babcock, Ackerman & Hanlon, Springfield.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

PER CURIAM.

Dismissed as moot.

Petitioner was certified for food stamps in September 1972 by the Public Welfare Division and was to be recertified in January 1973. He was told to come in for a certification interview in December but because the food stamp certification center was behind in its appointments it did not give petitioner a timely appointment and as a result he did not receive his January food stamps. He requested a hearing, which was granted, and on March 12, 1973, an order was entered denying his claim for food stamps for the month of January 1973. On May 11, 1973, he filed a petition for judicial review, praying for a decree ordering the respondent to remit to him the January 1973 food stamps. On May 15, 1973, the Public Welfare Division entered the following order:

"The Hearing Order dated March 12, 1973 is being amended as follows:

"Claimant will be granted food stamps for the month of January 1973 in the amount of $36.00. This is an exception to Food Stamp policy. Mr. Lipton made every reasonable attempt to follow Branch Office instructions in being recertified for food stamps. Circumstances beyond the control of either the claimant or the Food Stamp Office made recertification impossible. This exception to policy is being granted because the claimant was otherwise eligible for January food stamps."

Petitioner argues that we should not dismiss his petition for review as moot because there is a likelihood that this issue will be raised again in the future and therefore this court has discretion to decide the issue even though it is moot as to the case at bar. He further argues that the order itself indicates that it is likely to happen again because it states that the granting of retroactive food stamps is an exception to food stamp policy. We disagree for two reasons: (1) there

is nothing in the record to indicate that the situation is likely to happen again, and (2) we do not read the order as saying if such an event again occurs the agency will not issue food stamps retroactively but rather we read it as saying because the delay was the fault of the agency and not of the respondent, they are being issued retroactively in this instance.[1]

Appeal dismissed as moot.

---

[1] There is a question as to whether petitioner was legally entitled to retroactive stamps rather than being entitled to some other form of relief, but we need not consider that question here. In this case the petitioner elected the form of relief he would seek and received it.